| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jonathan J. Dunn (CA Bar No. 192896)<br>Joanna M. Curtis (CA Bar No. 203151)<br>Sedgwick, Detert, Moran & Arnold LLP<br>3 Park Plaza, 17th Floor<br>Irvine, California 92614-8540<br>TELEPHONE NO.: (949) 852-8200    FAX NO.: (949) 852-8282<br>ATTORNEY FOR *(Name)*: Plaintiff Safeco Insurance Company of America<br>NAME OF COURT: United States District Court, Central District of California<br>STREET ADDRESS: 312 North Spring Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Santa Ana | **FILED**<br>SEP - 9 2008<br>CLERK, U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>SOUTHERN DIVISION AT SANTA ANA<br>BY _____ DEPUTY |
| PLAINTIFF: SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br>DEFENDANT: Gregory L. Flachmeier, an individual | |
| **TEMPORARY PROTECTIVE ORDER** | CASE NUMBER:<br>SACV 08-00759 AG (MLG) |

1. The court has considered the application of plaintiff for
   a. [X] a right to attach order, order for issuance of writ of attachment pursuant to Chapter 4 (beginning with Code Civ. Proc., § 484.010), and a temporary protective order.
   b. [ ] an ex parte right to attach order and order for issuance of writ of attachment under Chapter 5 (beginning with Code Civ. Proc., § 485.010).

**FINDINGS**

2. THE COURT FINDS
   a. Defendant is a [X] natural person [ ] partnership [ ] unincorporated association [ ] corporation [ ] other *(specify)*:
   b. The amount sought to be secured by the attachment under the application for the right to attach is: $ 3,749,868
   c. The claim upon which the application for attachment is based is one upon which an attachment may be issued under Code of Civil Procedure section 483.010.
   d. Plaintiff has established the probable validity of the claim upon which the application for the attachment is based.
   e. The order is not sought for a purpose other than the recovery upon the claim on which the application for the attachment is based.
   f. Great or irreparable injury will result to the plaintiff if this order is not issued, based on the following:
      (1) [ ] There is a danger that the property sought to be attached would be
          (a) [ ] concealed.
          (b) [ ] substantially impaired in value.
          (c) [ ] made unavailable to levy by other than concealment or substantial impairment in value.
      (2) [X] Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
      (3) [ ] A bulk sales notice was recorded and published pursuant to Division 6 (beginning with section 6101) of the Commercial Code with respect to a bulk transfer by the defendant.
      (4) [ ] An escrow has been opened pursuant to the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant of a liquor license. The liquor license number is:
      (5) [ ] Other circumstances:

   g. [X] The requirements of Code of Civil Procedure section 485.220 are satisfied, but a temporary protective order should issue instead of an ex parte right to attach order and order for issuance of writ of attachment.
   h. Plaintiff must file an undertaking in the amount of: $  Ø  before a temporary protective order shall issue, and plaintiff has filed an undertaking in that amount.
   i. The property subject to the following order is: See attached

CV-4M (12/03)<br>
(AT-140 [Rev. January 1, 2000])

**TEMPORARY PROTECTIVE ORDER**<br>
(Attachment)

Code of Civil Procedure,<br>
§§ 482.030, 486.010 et seq.<br>
Page one<br>
CCD-CV4M

| SHORT TITLE: Safeco Insurance Company of America v. S.J. Burkhardt, Inc., et al. | CASE NUMBER: SACV 08-00759 AG (MLG) |
|---|---|

2. j. ☐ The following property of defendant is inventory or farm products held for sale and may be transferred in the ordinary course of business *(specify)*:

   k. ☐ Other *(specify)*:

## ORDER

3. THE COURT ORDERS
   a. Defendant shall not transfer, directly or indirectly, any interest in the property described in item 2i of the findings.
   b. ☐ Defendant shall not dispose of the proceeds of any transfer of inventory or farm products held for sale except under the following restrictions:

   c. ☐ Other *(specify)*:

   d. This order shall expire at the earliest of the following times:
      ~~(1) when plaintiff levies upon specific property described in this order,~~
      ~~(2) after (date):                                    , or~~
      (3) 40 days after the issuance of this order.

4. Number of pages attached: 1

Date: 9/9/08

Marc L. Goldman
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF JUDGE OR MAGISTRATE JUDGE)

---

**NOTICE TO DEFENDANT:** An undertaking has been filed with the court by plaintiff. You may object to the undertaking.
a. You may issue any number of checks against any of your accounts in a financial institution in this state in any amount for the following purposes:
   (1) Payment of any payroll expense (including fringe benefits and taxes and premiums for workers' compensation and unemployment insurance) falling due in the ordinary course of business prior to the levy of a writ of attachment.
   (2) Payment for goods thereafter delivered to you C.O.D. for use in your trade, business, or profession.
   (3) Payment of taxes if payment is necessary to avoid penalties which will accrue if there is any further delay in payment.
   (4) Payment of reasonable legal fees and reasonable costs and expenses required for your representation in the action.
b. In addition, you may issue any number of checks for any purpose so long as the total amount of such checks does not exceed the greater of the following:
   (1) The amount by which the total amount on deposit exceeds the sum of the amount sought to be secured by the attachment and the amounts permitted to be paid pursuant to this notice.
   (2) One thousand dollars ($1,000).
c. If the property is farm products held for sale or is inventory, the temporary protective order may not prohibit you from transferring the property in the ordinary course of business, but may impose appropriate restrictions on the disposition of the proceeds from such transfer.

---

[SEAL]

**CLERK'S CERTIFICATE**
I certify that the foregoing is a correct copy of the original on file in my office.
Date:

Clerk, by _____, Deputy

CV-4M (12/03)                    **TEMPORARY PROTECTIVE ORDER**                    Page two
                                           (Attachment)

| PETITIONER/PLAINTIFF: SAFECO INSURANCE COMPANY OF AMERICA, a W | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: Gregory L. Flachmeier, an individual | CV 08-00759 AG MLG |

Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure Section 487.010 described as follows (specify):

1. Accounts receivable, chattel paper, and general intangibles arising out of the conduct by the defendant or a trade, business or profession, except any such individual claim with a principal balance of less than one hundred fifty dollars ($150).
2. Equipment.
3. Farm products.
4. Inventory.
5. Final money judgments arising out of the conduct by the defendant of a trade, business or profession.
6. Money on the premises where a trade, business or profession is conducted by the defendant and, except for the first one thousand dollars ($1,000), money located elsewhere than on such premises and deposit accounts…
7. Negotiable documents of title.
8. Instruments.
9. Securities.
10. Minerals or the like…

11. All non-exempt equity in the real property commonly described as 113 Hagge Drive, Daytona, Florida; Assessor's Parcel Number ("APN") 5208-02-00-0520. Legal Description:

Lot 52, Joyelle at LPGA International, according to the plat thereof as recorded in Map Book 48, Page(s) 143 and 144, of the Public Records of Volusia County, Florida. A true and correct copy of the deed is attached to the Request for Judicial Notice as Exhibit "K."

12. All non-exempt equity in the real property commonly described as 5784 Los Molinos Drive, Buena Park, California 90620; APN 262-154-01. Legal Description:

Lot 18 of Tract 2330, as per map recorded in Book 75, Pages 26, 27, and 28, of Miscellaneous Maps, in the Office of the County Recorder of Orange County, California. A true and correct copy of the deed is attached to the Request for Judicial Notice as Exhibit "R."

Legal Solutions Plus